## ERIE RD. CO. v. BENDER, STREIBIG & CO.

Ohio Appeals, 1st Dist., Hamilton, Co.

No. 3192. Decided Apr. 30, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**991. RAILROADS—396. Directed Verdicts.**
Where there is some evidence introduced, tending to show that goods were received by initial carrier in good condition, and evidence conclusively shows that goods were delivered by terminal carrier in damaged condition presumption arises that damage occurred on road of terminal carrier, and case should go to jury.

Error to Common Pleas.

Judgment affirmed.

Dinsmore, Shohl & Sawyer, and F. B. McConaughy, Cincinnati, for Erie Rd.

Moulinier, Bettman & Hunt, Cincinnati, for Bender Streibig & Co.

FULL TEXT.
HAMILTON, PJ.
The defendants in error, who were plaintiffs below, brought an action against the Erie Railroad Company joined with the Baltimore &

Ohio Railroad Company, defendants below, to recover for damages to a shipment of a carload of peas. The shipment was by C. J. Dudley & Company, from Orchard Park, New York, consigned to the plaintiffs below, Bender, Streibig & Company, at Cincinnati, Ohio. The initial carrier was The Buffalo, Rochester & Pittsburgh Railroad Company. The terminal or delivering carrier was the defendant, the Erie Railroad Company.

At the trial, The Baltimore & Ohio Railroad Company was dismissed from the case, and properly so, for the reason that the evidence was that the Erie Railroad did but operate its trains over the tracks of the Baltimore & Ohio Railroad from Dayton, Ohio, to the City of Cincinnati.

At the close of the plaintiff's evidence, the defendant, the Erie Railroad Company, moved for an instructed verdict. The court sustained the motion and instructed the jury to return a verdict for the defense, which was done, and judgment was entered on the verdict. Plaintiffs thereupon prosecuted error to the Court of Common Pleas, which court reversed the Municipal Court and remanded the case for a new trial. From that judgment, the Erie Railroad Company prosecutes error to this court, seeking a reversal of the judgment of the Court of Common Pleas and an affirmance of the judgment of the Municipal Court.

Whether or not the Municipal Court was correct in directing a verdict for the Erie Railroad Company turns on the law as to the responsibility of the terminal or delivering carrier for goods delivered by it in a damaged condition, which had been received by the initial carrier in good condition. The rule is stated in 31 L. R. A. n.s. 102, and is:

"Where goods are received by the initial carrier in good order, and are delivered by the terminal carrier in a damaged condition, the courts well-nigh uniformly recognize that, nothing else appearing, the presumption arises, born, it is said, of convenience and necessity, that the shipment reached the terminal carrier in the same condition as when delivered to the initial carrier, which casts upon the terminal carrier the burden of meeting this presumption with evidence that the goods were not injured while in its possession."

We know of no holding contrary to this rule, and none applicable has been cited.

We have, therefore, the situation that some evidence was introduced tending to show that the goods were received by the initial carrier in good condition. The evidence conclusively shows that the goods were delivered in Cincinnati by the Erie Railroad in damaged condition. Thus, under the rule last stated, the presumption arises that the damages occurred on the defendant's road. This made a case for the jury, and the Municipal Court was in error in instructing a verdict for the defendant, the Erie Railroad Company.. The Court of Common Pleas was therefore correct in reversing the judgment and remanding the cause to the Municipal Court for a new trial, and that judgment is affirmed.

(Mills and Cushing, JJ., concur.)